**MARKOWITZ & RICHMAN**
Richard H. Markowitz, Esquire
(RHM5158)
MARKOWITZ and RICHMAN
880 Third Avenue, Ninth Floor
New York, NY 10022

Attorneys for Defendant Local 1, International Union of Elevator Constructors

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

MARGARET BENDER and,
CHRISTINA GUIDO
        Plaintiffs,

Against

LOCAL 1, INTERNATIONAL UNION
OF ELEVATOR CONSTRUCTORS
        Defendant.

Docket No. 07 civ 11428
(Judge Brieant)
(*Filed Electronically*)

Jury Trial Demanded

-----------------------------------------------------------------x

CIVIL ACTION – NOTICE OF MOTION

---

TO:    **Robert David Goodstein, Esquire**
        **Attorney for Plaintiffs**
        **56 Harrison Street, Suite 401**
        **New Rochelle, NY 10801**

**PLEASE TAKE NOTICE** that on at 9:30 A. M., February 29, 2008 or as soon thereafter as can be heard the undersigned attorneys for Defendant Local 1, International Union of Elevator Constructors Independent Oil Workers Union shall apply under Fed. R. Civ. P. 56 and Local R. Civ. P. 6.1 (b) before the Honorable Charles L. Brieant, U.S.D.J., United States

District Court, United States Courthouse, 300 Quarropas Street, Courtroom 218, White Plains, New York 10601 for the following relief:

(1) An order granting to the Defendant Local 1, International Union of Elevator Constructors Summary Judgment on Plaintiffs' claims under the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* on the grounds that there are no genuine issues of material fact and that accordingly said defendant is entitled to judgment as a matter of law, and

(2) Dismissal Without Prejudice of Plaintiffs' pendant state and municipal claims.

**PLEASE TAKE FURTHER NOTICE** that in support of the within application, the above-named defendant shall rely upon a brief in support of Motion for Summary Judgment, all pleadings and proceedings to date, and Statement of Material Facts with Supporting Affidavit.

Respectfully submitted:

_____
RICHARD H. MARKOWITZ, ESQUIRE
(RHM5158)
MARKOWITZ and RICHMAN
880 Third Avenue, Ninth Floor
New York, NY 10022

OF COUNSEL:

_____
PETER H. DEMKOVITZ, ESQUIRE
(PHD7335)
MARKOWITZ and RICHMAN
121 South Broad Street, Suite 1100
Philadelphia, PA 19107
215-875-3100

Counsel for Defendant,
Local 1, International Union of Elevator Constructors

Dated: January 28, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
MARGARET BENDER and,
CHRISTINA GUIDO
               Plaintiffs,

       Against

                                                          Docket No. 07 civ 11428
                                                           (Judge Brieant)
LOCAL 1, INTERNATIONAL UNION           (*Filed Electronically*)
OF ELEVATOR CONSTRUCTORS
               Defendant.                              Jury Trial Demanded

------------------------------------------------------------------x

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DISMISSAL OF PENDENT STATE AND MUNICIPAL CLAIMS WITHOUT PREJUDICE

NOW COMES Defendant, Local 1, International Union of Elevator Constructors (hereinafter "the Union") which files the following Motion for Partial Summary Judgment and Dismissal of Plaintiffs' State and Municipal Claims Without Prejudice, and states as follows:

      1.     Plaintiffs, Margaret Bender and Christina Guido (hereinafter "Bender" and "Guido" or "Plaintiffs"), filed a complaint in the Southern District of New York on December 20, 2007, alleging two federal causes of action and pendent State and Municipal causes of actions, to-wit: a violation of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (hereinafter "Title VII") on behalf of each Plaintiff and claims under the New York State Human Rights Law (NYS Executive Law § 290 *et seq.* and New York City Local Law 59 of 1986, as amended by Rule 39 for 1991, § 9-1-1 *et seq*).

2. Title VII defines an employer as a person engaged in an industry effecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person. 42 U.S.C. §2000e(b).

3. Defendant Union does not have the requisite number of employees to be liable under Title VII.

4. In 2007 and 2008 the Union only has had twelve (12) full time employees on its payroll, and in fact, the only employees of the Union are the President-Business Manager, 4 Vice Presidents-Business Agents, 1 Secretary-Treasurer, 1 day Secretary, 1 Organizer, 2 Office Clerical Staff Employees, 1 Computer Technician and 1 Maintenance Employee.

5. Between 2004 and 2006 the Union had only thirteen (13) employees (having laid off one maintenance employee in 2006.)

6. Accordingly, for these reasons and the reasons set forth in Defendant's accompanying Brief in Support of its Motion for Summary Judgment, which is incorporated by reference as if fully set forth herein, Plaintiffs' federal claims under Title VIII must be dismissed with prejudice.

7. Since Plaintiffs' federal claims must be dismissed with prejudice because the Union is not an employer for purposes of Title VII, Plaintiffs' remaining pendent state and municipal claims should also be dismissed (without prejudice.)

8. Defendant thus seeks dismissal of Plaintiff's complaint and respectfully requests all other relief, including costs and attorneys' fees, as this Court deems appropriate.

Respectfully submitted:

OF COUNSEL:

_____
RICHARD H. MARKOWITZ, ESQUIRE
(RHM5158)
MARKOWITZ and RICHMAN
880 Third Avenue, Ninth Floor
New York, NY 10022

_____
PETER H. DEMKOVITZ, ESQUIRE
(PHD7335)
MARKOWITZ and RICHMAN
121 South Broad Street, Suite 1100
Philadelphia, PA 19107
215-875-3100

Counsel for Defendant,
Local 1, International Union of Elevator Constructors

Dated: January 28, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
MARGARET BENDER and,
CHRISTINA GUIDO
              Plaintiffs,

      Against

                                  Docket No. 07 civ 11428
                                  (Judge Brieant)
LOCAL 1, INTERNATIONAL UNION        (*Filed Electronically)*
OF ELEVATOR CONSTRUCTORS
              Defendant.                    Jury Trial Demanded

------------------------------------------------------------x

## STATEMENT OF MATERIAL FACTS ON MOTION
## FOR SUMMARY JUDGMENT

Defendant, Local 1, International Union of Elevator Constructors (hereinafter "the Union") hereby files its Statement of Material Facts on Motion for Summary Judgment under Local Civil Rule 56.1 and states as follows:

1.     The International Union of Elevator Constructors Local 1, 47-24 27th Street, Long Island City, NY 11101 (hereinafter "the Union.") is a labor organization of approximately 2,700 members. These members are Mechanics, Helpers and Apprentices who work for various employers (such as Otis Elevator Company, Schindler Elevator Corporation, Kone, Inc., ThyssenKrupp Elevator Corporation, etc.) which provide elevator and escalator construction, modernization and maintenance and repair services in the New York/New Jersey greater metropolitan area. (Legotte Affidavit ¶ 3.)

2.     Local 1 had only thirteen (13) full time employees on its payroll for each working day in 2006, 2005 and 2004. (Legotte Affidavit ¶ 5.)

3. In 2006 one of two maintenance workers was laid off reducing the number of employees of the Union to twelve (12.) (Legotte Affidavit ¶ 5.)

4. The Union has had only twelve (12) full time employees for each working day in 2006 and 2007. (Legotte Affidavit ¶ 6.)

5. The employees of the Union are as follows: one (1) President-Business Manager; four (4) Vice Presidents – Business Agents; one (1) Secretary-Treasurer; one (1) Day Secretary; one (1) Organizer; two (2) office clerical support staff employees; one (1) computer technician; and one (1) maintenance employee. These are the only employees of the Union. (Legotte Affidavit ¶¶ 7-8.)

6. The Constitution and By-Laws of Elevator Constructors Union Local 1 of New York and Vicinity, adopted December 10, 1959, as amended, require the Union to have the following officers: President-Business Manager, Four Vice Presidents-Business Agents, Recording Secretary, Secretary-Treasurer, Board of Trustees of five members, Examining Board of three members, a Warden and a Day Secretary. These officers constitute the Union's Executive Board. (Legotte Affidavit ¶ 9.)

7. The five (5) Members of the Board of Trustees are not employees of the Union. Each has full-time employment for various elevator companies (such as Otis Elevator, etc.) The only reimbursement each receives from the Union is per diem given for the days the Executive Board meets. (Legotte Affidavit ¶10.)

8. The three members of the Examining Board are not employees of Local 1. Each has full-time employment for various elevator companies (such as Otis Elevator, etc.) The only reimbursement each receives from the Union is per diem given for the days the Executive Board meets. (Legotte Affidavit ¶ 11.)

9. The Recording Secretary is not an employee of the Union. He is employed full time by an elevator company. The only reimbursement he receives from the Union is per diem given for the days the Executive Board meets. (Legotte Affidavit ¶ 12.)

13. The Warden is not an employee of the Union. He is employed full time by an elevator company. The only reimbursement he receives from the Union is per diem given for the days the Executive Board meets. (Legotte Affidavit ¶ 13.)

Respectfully submitted:

_/s/ Richard H. Markowitz_
RICHARD H. MARKOWITZ
(RHM5158)
MARKOWITZ and RICHMAN
880 Third Avenue, Ninth Floor
New York, NY 10022

DATE: January 28, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
MARGARET BENDER and,
CHRISTINA GUIDO
                Plaintiffs,

        Against

                                                   Docket No. 07 civ 11428
                                                   (Judge Brieant)
LOCAL 1, INTERNATIONAL UNION            *(Filed Electronically)*
OF ELEVATOR CONSTRUCTORS
                Defendant.                        Jury Trial Demanded
-----------------------------------------------------------------x

## AFFIDAVIT OF LENNY LEGOTTE

    I, LENNY LEGOTTE, swear and affirm as follows:

    1.    I, Lenny Legotte, am President-Business Manager of the International Union of Elevator Constructors Local 1, 47-24 27th Street, Long Island City, NY 11101 (hereinafter "the Union.")

    2.    I was elected President Business-Manager in June 2007. Prior to that I had been a Vice President-Business Agent of the Union for approximately four years.

    3.    The Union is a labor organization of approximately 2,700 members. These members are Mechanics, Helpers and Apprentices who work for various employers (such as Otis Elevator Company, Schindler Elevator Corporation, Kone, Inc., ThyssenKrupp Elevator Corporation, etc.) which provide elevator and escalator construction, modernization and maintenance and repair services in the New York/New Jersey greater metropolitan area.

    4.    The Union is an affiliated Local Union of the International Union of Elevator Constructors, AFL-CIO, formed in 1901.

5. The Union had only thirteen (13) full time employees on its payroll for each working day in 2006, 2005 and 2004. (In 2006 one of two maintenance workers was laid off, reducing the number of employees to twelve (12)).

6. The Union has had only twelve (12) full time employees for each working day in this year and in 2007.

7. The employees of the Union are as follows: one (1) President-Business Manager (Lenny Legotte); four (4) Vice Presidents – Business Agents (Tom Moore for Westchester, Rockland, Bronx and Richmond Counties; Gary Riefenhauser for the East Side of Manhattan and Brooklyn; Fred McCourt for the East Side of Manhattan and New Jersey; and Bob Stork for Long Island); one (1) Secretary-Treasurer (Mike Riegger); one (1) Day Secretary (Denis O'Neill); one (1) Organizer (Mike Halpin); two (2) office clerical support staff employees; one (1) computer technician; and one (1) maintenance employee.

8. These are the only employees of the Union.

9. The Constitution and By-Laws of Elevator Constructors Union Local 1 of New York and Vicinity, adopted December 10, 1959, as amended, requires the Union to have the following officers (which constitute the Executive Board): President-Business Manager, Four Vice Presidents-Business Agents, Recording Secretary, Secretary-Treasurer, Board of Trustees of five members, Examining Board of three members, a Warden and a Day Secretary.

10. The five (5) Members of the Board of Trustees (Steve Mazza, Kevin McClaughry, Greg Moschetti, Joe Houlahan and Andrew Schrettner) are not employees of the Union. Each works full-time for various elevator companies (such as Otis Elevator, etc.) The only reimbursement each receives from the Union is per diem expenses for Executive Board meetings.

11. The three members of the Examining Board (Denis Kilduff, Bill Bulger, Jr., and Tom Whooley) are not employees of Local 1. Each is employed full-time for various elevator

companies (such as Otis Elevator, etc.) The only reimbursement each receives from the Union is per diem given for the days the Executive Board meets.

12. The Recording Secretary (Lee Pirone) is not an employee of the Union. He is employed full time by an elevator company. The only reimbursement he receives from the Union is per diem given for the days the Executive Board meets.

13. The Warden is not an employee of the Union. He is employed full time by an elevator company. The only reimbursement he receives from the Union is per diem given for the days the Executive Board meets.

_____
LENNY LEGOTTE

Sworn before me this 18 day of
JANUARY, 2008

_____
Notary Public

RICHARD SKOBEL
Notary Public, State of New York
No. 3697965
Qualified in New York County
Commission Expires July 31, 20___

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MARGARET BENDER and,
CHRISTINA GUIDO
         Plaintiffs,

    Against

                                Docket No. 07 civ 11428
                                (Judge Brieant)
LOCAL 1, INTERNATIONAL UNION       (*Filed Electronically)*
OF ELEVATOR CONSTRUCTORS
         Defendant.                        Jury Trial Demanded

---------------------------------------------------------------x

## ORDER

AND NOW, this _____ day of _____, 2008, upon application of Defendant and after hearing arguments of the parties, it is

ORDERED and DECREED that Defendant Local 1, International Union of Elevator Constructors Independent Oil Workers Union's Motion for Summary Judgment as to Plaintiff's Claims under the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* is GRANTED and these claims are DISMISSED WITH PREJUDICE,

And it is further ORDERED and DECREED that Plaintiffs' pendant state and municipal claims are DISMISSED WITHOUT PREJUDICE.

                                                      BY THE COURT

:

                                                 _____
                                                 Honorable  Charles  L.  Brieant, U.S.D.J.,
                                                 United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
MARGARET BENDER and,
CHRISTINA GUIDO
                Plaintiffs,

      Against

                                       Docket No. 07 civ 11428
                                       (Judge Brieant)
LOCAL 1, INTERNATIONAL UNION           *(Filed Electronically)*
OF ELEVATOR CONSTRUCTORS
                Defendant.                              Jury Trial Demanded

------------------------------------------------------------x

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AND DISMISSAL OF PENDENT
STATE AND MUNICIPAL CLAIMS WITHOUT PREJUDICE**

      NOW COMES Defendant, Local 1, International Union of Elevator Constructors (hereinafter "the Union") and files the following brief in support of its Motion for Partial Summary Judgment and Dismissal of Plaintiffs' State and Municipal Claims Without Prejudice, and states as follows:

**I.    INTRODUCTION**

      Plaintiffs, Margaret Bender and Christina Guido (hereinafter "Bender" and "Guido" or "Plaintiffs"), filed a complaint in the Southern District of New York on December 20, 2007, alleging two federal causes of action and pendent State and Municipal causes of actions, to-wit: a violation of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (hereinafter "Title VII") on behalf of each Plaintiff and claims under the New York State Human Rights Law (NYS Executive Law § 290 *et seq.* and New York City Local Law 59 of 1986, as amended by Rule 39 for 1991, § 9-1-1 *et seq*).

1

Plaintiffs served their complaint on Defendants on or about January 9, 2008. Defendant now timely files its Motion for Partial Summary Judgment and to Dismiss Plaintiff's State and Municipal claims.

## II	STATEMENT OF FACTS

Defendant relies upon its Brief Statement of Undisputed Material Facts filed with the Court in conjunction with its Motion for Summary Judgment, as if more fully set forth herein.

## III.	ARGUMENT

### A.	Standard for Grant of Summary Judgment.

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed R. Civ.P. 56(c). To avoid a ruling granting summary judgment pursuant to the applicable standard, factual disputes must be both (1) material, i.e., predicated upon facts that are relevant and necessary and that may affect the outcome of the matter pursuant to the underlying law and (2) genuine, i.e., the evidence must support a finding by the court that a reasonable jury could return a verdict for nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986).

The moving party bears the primary responsibility of explaining the basis for the motion and for identifying those parts of the record that demonstrate the absence of a genuine issue of material fact. *Celetox*, 477 U.S. at 323. The moving party is not required to produce any evidence negating the nonmovant's claim, however. *Id.*

The burden then shifts to the nonmovant to produce record evidence demonstrating that there exists a genuine issue to be determined by the fact finder at trial. *Id.* at 324; Fed.R.Civ.P. 56(e). The evidence provided by the nonmovant is to believed, and the court must draw all reasonable and justifiable inferences in the nonmovant's favor. *Anderson*, 477 U.S. at 255. The party opposing summary judgment "must go beyond the pleadings and 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Fitzgibbons v. Putnam Dental Ass., P.C.*, 368 F.Supp. 339, 342 (S.D.N.Y. 2005) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### B.     Defendant employs fewer than fifteen employees.

Title VII prohibits employers from discriminating any individual because of, *inter alia*, the employee's sex. 42 U.S.C. §2000e-2(a)(1). "For purposes of Title VII, the term 'employer' means a person engaged in an industry effecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person." 42 U.S.C. §2000e(b). *Fitzgibbons*, 368 F.Supp. 2d. at 343. A motion for summary judgment may be granted on the threshold issue of whether the defendant has the requisite number of employees as required by Title VIII. *Id.* While not a jurisdictional requirement, a defendant is entitled to obtain summary judgment if the number of employees is not enough to invoke coverage under Title VII. *Pershaud v. Ash & Peterkin Central Lock*, 2005 W.L. 1711 (S.D.N.Y.) (citing *Drescher v. Shatkin*, 280 F.3d 201, 202-203 (2d Cir. 2002)).

In the Second Circuit, it has been clearly established that having the requisite number of employees is also necessary when, under Title VII, a Union is being sued by its employee or former employee, that is, when it is being sued *qua* an employer. *See Yeardon v. Henry*, 91 F.3d 370 (2d Cir. 1996); *Kern v. City of Rochester*, 92 F.3d 38 (2d Cir. 1996).

3

Not every person affiliated with a business is necessarily an employee of that business. For instance, directors of a corporation who do not undertake traditional employee functions, or in the alternative have the power to wholly direct the business, may not be considered employees for purposes of Title VII. *Drescher*, 280 F.3d at 203 (citing a 3-factor test for establishing whether a director has assumed duties that would make them an employee for purposes of anti-discrimination laws: "(1) whether the director has undertaken traditional employee duties; (2) whether the director was regularly employed by a separate entity; and (3) whether the director reported to someone higher in the hierarchy.")

In *Kern*, *supra*, the Court held that eight non-officer board members of the Union were not employees as defined under Title VII, and therefore, the Union employer did not have the requisite number of employees to be liable under federal anti-discrimination laws. *Kern*, 93 F.3d at 47. In support of its holding, the Court explained that "[t]he function of the eight non-officer Board members was to represent their various consistencies on a board that made and directed policy of Local 1701 and exercised general oversight over Local 1701's officers. There is no indication that any of the non-officer board members performed any traditional employee duties, such as maintaining records or managing the office. Moreover, there is no indication that the non-officer board members were responsible to anyone but themselves." *Id.*

In the case *sub judice*, the Union here also does not have the requisite number of employees to be liable under Title VII. The undisputed facts of this matter, as attested to the in the affidavit of Lenny Legotte, the President-Business Manager of the Union, is that the Union only has 12 full time employees on its payroll. In fact, the only employees of the Union are the President-Business Manager, 4 Vice Presidents-Business Agents, 1 Secretary-Treasurer, 1 Day Secretary, 1 Organizer, 2 office clerical Employees, 1 Computer Technician and 1 Maintenance

Employee. (See Affidavit, ¶¶ 6-8). More importantly, the highest number of employees in the Union between 2004 and 2006 (the years relevant under the statute) was thirteen (when the Union had two maintenance employees in 2004 to 2005 and part of 2006.) (See Affidavit, ¶ 5).

There are other individuals who are officers of the Union. These are the members of the Board of Trustees, the members of the Examining Board, the Recording Secretary and the Warden. None of these individuals is an employee of the Union, however. (See Legotte Affidavit, ¶¶10-13.) None of these individuals is paid by the Union except to the extent that each receives a per diem expense for days he attends an Executive Board meeting. (Id.) In addition, each of these individuals is a full-time employee of a separate employer (elevator company.) Id. Thus, as in *Kern*, these individual members of the Union, while exercising general oversight over the Union's activities, are not employees of the Union under the *Drescher* test. That is, none of these individuals has undertaken traditional employee duties and each has been regularly employed by a separate entity. *See Drescsher*, 280 F.3d at 203.

Accordingly, because the Union does not have fifteen employees as is necessary for it to be an employer under Title VII, Plaintiffs' federal claims under Title VIII must be dismissed with prejudice.

### C.    Dismissal of Plaintiff's State Municipal Claims Without Prejudice.

Since Plaintiffs' federal claims must be dismissed with prejudice because the Union is not an employer for purposes of Title VII, Plaintiffs' remaining pendent state and municipal claims should also be dismissed (without prejudice.)

Ancillary and pendent jurisdiction are homologous terms that both refer to the power of a federal court to adjudicate claims over which it would otherwise have no independent basis for exercising jurisdiction. In order to exercise such jurisdiction the state claims must be sufficiently

closely related to a federally cognizable cause-of-action. While related, however, the concepts of ancillary and pendent jurisdiction are distinguishable. *See Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 436 (2d Cir. 2000). "Whereas ancillary jurisdiction involves claims made by parties other than the plaintiff which have no independent subject matter jurisdictional basis, pendent jurisdiction, as recognized by the now-familiar case of *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), involves claims asserted by the plaintiff which have no independent jurisdictional basis." *Id.* (quoting *Aetna Cas. & Sur. Co. v. Spartan Mechanical Corp.*, 738 F.Supp. 664, 668 (E.D.N.Y. 1990)).

"The decision whether to exercise pendent jurisdiction is within the discretion of the court." *Block v. First Blood Ass.*, 988 F.2d 344, 351 (2d Cir. 1993). In exercising that jurisdiction a district court is to consider and weigh the effect of exercising jurisdiction with convenience, comity and fairness as well as judicial economy. *Id; Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988).

Where, as here, the federal claims are dismissed well before trial, the state claims should be dismissed as well. *United Mine Workers*, 383 U.S. at 726; *Block*, 988 F.2d at 351. That is because the state claims should be dismissed where convenience, fairness, and judicial economy would not be present if the claims were retained by the federal court. *United Mine Workers*, 383 U.S. at 726. Moreover, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* (footnote omitted).

In this matter, where the federal claims are to be dismissed so early in the litigation, the pendent state and municipal claims should be dismissed as well.

6

## IV. CONCLUSION

For these reasons and for the reasons set forth above, Plaintiffs' Title VII claims must be dismissed with prejudice and the pendent state and municipal claims dismissed.

Respectfully submitted:

_____
RICHARD H. MARKOWITZ, ESQUIRE
(RHM5158)
MARKOWITZ and RICHMAN
880 Third Avenue, Ninth Floor
New York, NY 10022

OF COUNSEL:

_____
PETER H. DEMKOVITZ, ESQUIRE
(PHD7335)
MARKOWITZ and RICHMAN
121 South Broad Street, Suite 1100
Philadelphia, PA 19107
215-875-3100

Counsel for Defendant,
Local 1, International Union of Elevator Constructors

Dated: January 28, 2008

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Brief in Support of Defendant's Motion for Partial Summary Judgment and Dismissal of Plaintiffs' State and Municipal Claims, Motion, Notice of Motion, Statement of Material Facts and Supporting Affidavit to be forwarded the 28th day of January 2008 via First Class United States Mail and electronic filing to:

>Robert David Goodstein, Esquire
>Attorney for Plaintiffs
>56 Harrison Street, Suite 401
>New Rochelle, NY 10801

_____
RICHARD H. MARKOWITZ, ESQUIRE