UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARGARET BENDER and CHRISTINA
GUIDO,

                        Plaintiffs,

    -against-

LOCAL 1, INTERNATIONAL UNION
OF ELEVATOR CONSTRUCTORS,

                      Defendant.
------------------------------------------------------------x

ECF CASE

Docket No.: 07 Civ 11428 (CLB)


# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Yours, etc.

Law Office of
**ROBERT DAVID GOODSTEIN, ESQ.**
*Attorneys for Plaintiffs*
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382

On the Brief:
Robert David Goodstein, Esq. (RDG5443)

## **PRELIMINARY STATEMENT**

Plaintiffs, by their attorneys, submit this Memorandum of Law in opposition to Defendant's Brief In Support of Defendant's Motion for partial summary judgment and dismissal of plaintiffs' pendent state and municipal claims, brought pursuant to Fed. R. Civ. P. Rule 56(a).

Plaintiffs commenced this action making claims against Defendant for discrimination and retaliation, pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e *et seq.*, and under the pendent New York State (Executive Law §290 *et seq.*,) and New York City (Local Law 59 of 1986, as amended by Local Rule 39 for 1991, §8-101 *et seq.* human rights laws.

Before answering the December 20, 2007 Complaint, Defendant first moves for partial summary judgment, claiming this Court lacks jurisdiction in that Defendant is not an "employer" under Title VII. However, Defendant fails to support this assertion with any payroll or tax records to substantiate Defendant's claim of the limited number of employees, but relies solely upon the Affidavit of the present President of Defendant union, who was not in that same position during the relevant time period, and which only submits irrelevant information concerning present employees. Moreover, since this case has just commenced, the motion is premature as no discovery has been had which would provide the requisite documentary evidence.

For these reasons, and those set forth more fully hereinafter, and in the supporting Affidavit, Plaintiffs respectfully contend there is a major disputed issue of material fact which precludes the grant of summary judgment on the part of Defendant. Accordingly, Plaintiffs request Defendant's motion for partial summary judgment be denied in its entirety.

## STATEMENT OF FACTS

For the sole purpose of this motion on jurisdiction, the underlying disputed material facts as to this limited issue are set forth in the accompanying Plaintiffs' Statement of Contested Material Facts, pursuant to Local Rule 56(b), to which the Court is respectfully referred.

## ARGUMENT

### POINT I

### DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322,(1986). The moving party bears the initial burden of identifying what "it believes demonstrates the absence of a genuine issue of material fact." Id. at 323. The non-moving party's burden is to produce concrete evidence sufficient to establish an unresolved genuine issue of material fact. Id at 322-324; Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996). All inferences are to be construed in the light most favorable to the non-moving party. Harlen Assocs. v. Village of Mineola, 273 F.3d 494, 498 (2d Cir. 2001) Any "[u]ncertainty as to the true state of any material fact defeats the motion." Gibson v. American Broadcasting Corp., 892 F.2d 1128, 1132 (2d Cir. 1989). Where the evidence could reasonably support a verdict in favor of the non-moving party, the Court must deny the motion. Beatie v. City of New York, 123 F.3d 707, 711 (2d Cir. 1997). Here, a review of the parties' Rule 56.1 Statements provides evidence sufficient to establish unresolved genuine issues of material fact so as to defeat Defendant's motion as a matter of law.

## POINT II

### DEFENDANT HAS MISCONSTRUED THE PHRASE "CURRENT OR PROCEEDING CALENDAR YEAR"

It is beyond dispute that for an employer to be covered by Title VII of the Civil Rights Act of 1964, it must be "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year." 42 U.S.C. §2000e(b).

In reviewing Defendant's papers, it is obvious Defendant at bar has misconstrued the meaning of the term "current or proceeding calendar year". In making its motion, Defendant has burdened the Court with explaining about the number of its "employees in 2007 and 2008". However it is beyond dispute that plaintiffs are complaining of discrimination that occurred during calendar year 2005 and in January 2006. As per paragraph 20 of her Complaint, plaintiff Guido alleges that she was constructively and actually terminated on September 6, 2005. Further, she alleges that the acts of discrimination and retaliation commenced with her being sexually harassed on May 10, 2005. Pursuant to paragraph 38 of her Complaint, Plaintiff Bender was terminated on January 10, 2006. Plaintiff Bender alleges that she was harassed in retaliation for defendant's view that Bender had assisted Christina Guido in filing a charge with the Equal Employment Opportunity Commission during 2005.

Courts consistently have held that the phrase "current calendar year", as contained within Title VII of the Civil Rights Act of 1964, refers to the year in which the alleged discrimination occurred. Komorowski v. TownLine Mini-Mart and Restaurant, 162 F.3d 962, 965 (7th Circ. 1998) ("Courts consistently have held that the phrase "current calendar year" refers to the year in which the alleged discrimination occurred.") The Komorowski Court cited Rogers v. Sugar Tree Products,

-3-

Enterprises Inc, 519 U.S. 202, 117 S. Ct 660 (1997). "This is because the employment relationship is most readily demonstrated by the individuals appearance on the employers payroll" Mizwicki v. Helwig, 196 F3d 828 (7th Circ. 1999). Defendant at bar has chosen not to supply the Court with any exhibits enumerating its payroll records for 2004, 2005 and 2006. Defendant has also not supplied the 1099s or W-2s it issued during those periods. Defendant has not supplied this Court with copies of its LM2s filed with the United States Department of Labor. Instead, Defendant relies exclusively on the Affidavit of Leonard Legotte, the current Union President.

Moreover, by moving to dismiss Plaintiffs' Complaint without supplying any of the necessary documentation, defendant exposes the weakness of its own argument. Clearly, Mr. Legotte's Affidavit is not sufficient proof to dismiss Plaintiffs' federal charges since it only submits basic information about the current employees, including officers and board members, which are totally irrelevant to the time frame for Plaintiffs' claims. Legotte also makes statements concerning other employers without personal knowledge or without submitting substantiation of those statements. Clearly, such unsubstantiated statements, made without personal knowledge, are insufficient to support a motion for summary judgment. "Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge" El Deeb v. Univ. of Minnesota, 60 F. 3d 423, 428 (8th Cir. 1995). See, also Seeneff v. World Publishing Co., 349 F. 2d 235, 254 (8th Cir. 1965) (disregarding affidavit "totally unsupported by the record and based upon matters beyond his personal knowledge").

Defendant's motion is also premature. Plaintiffs at bar cannot supply the Court with Defendant's information and cannot rebut Defendant's erroneous allegation in this motion because Defendant has moved for summary judgment prior to answering the Complaint and prior to the

commencement of discovery. Therefore, Plaintiffs have not had the opportunity to request these documents from Defendant.

In Mizwicki v. Helwig, 196 F3d 828 (7th Circ. 1999) after the close of introducing her case in chief before the District Court, the judge granted defendants motion to dismiss on the grounds that plaintiff presented insufficient evidence that defendant was "an employer". Thus, the motion was made after full and complete discovery. Plaintiffs at bar concede that they are required to show that at least fifteen (15) employees were on defendant's payroll for twenty (20) weeks during the year of or proceeding the alleged acts of discrimination and retaliation. However, plaintiffs must be given the opportunity for full and complete disclosure to meet their burden.

Accordingly, Defendant's motion is both premature, as no discovery has been had on this issue, and insufficient, as the only "proof" submitted is not based upon personal knowledge and contains information that is not relevant to the claims and defenses in this action.

## CONCLUSION

For all of the above reasons, Plaintiffs request that the Court deny Defendant's motion for partial summary judgment dismissing Plaintiffs' Title VII causes of action with prejudice, together with such further relief as to this Court seems just and proper.

Dated: New Rochelle, New York
       February 5, 2008

Yours, etc,

Law Office of
**ROBERT DAVID GOODSTEIN, ESQ.**

_____
By: Robert David Goodstein (RDG 5443)
*Attorneys for Plaintiffs*
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382

-6-