UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARGARET BENDER and CHRISTINA             Docket No.: 07 Civ 11428 (CLB)
GUIDO,

           Plaintiffs,                          ECF CASE

    - against -

LOCAL 1, INTERNATIONAL UNION
OF ELEVATOR CONSTRUCTORS,

           Defendant.
-----------------------------------------------------------x

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS, PURSUANT TO LOCAL RULE 56.1(b)**

       Pursuant to Rule 56.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs, by their attorneys, Law Office of Robert David Goodstein, Esq., respectfully submit objections and responses to Defendant's statement:

1.     Plaintiff does not controvert that the citation provided supports the statements made in #1.

2.     Plaintiff controverts #2. (Guido Aff. Para. 5-7)

3.     Plaintiff controverts #3 to the extent it states defendant only had twelve (12) employees in 2006. (Guido Aff. Para. 5-7)

4.     Plaintiff controverts #4 to the extent it states defendant only had twelve (12) employees in 2006. (Guido Aff. Para. 5-7) Plaintiff controverts the remainder of #4 on the grounds of relevancy.

5.     Plaintiff controverts #5 on the grounds of relevancy as to current employees.

6.     Plaintiff does not controvert that the citation provided supports the statements made in #6.

7.     Plaintiff controverts #7. (Guido Aff. Para. 6)

8. Plaintiff controverts #8. (Guido Aff. Para. 6)

9. Plaintiff controverts #9. (Guido Aff. Para. 6)

10. (Missing)

11. (Missing)

13. Plaintiff controverts #13. (Guido Aff. Para. 6)

## PLAINTIFFS' STATEMENT OF CONTESTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1(b)

Plaintiffs, by their attorneys, Law Office of Robert David Goodstein, Esq., respectfully submit pursuant to Rule 56.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the following statement of additional material facts to which plaintiffs contend there exists genuine issues to be tried:

14. Local 1 had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the years in which the Title VII violation occurred or the proceeding year. (Guido Affidavit, paragraphs 5-7).

15. Defendant Union had the requisite number of employees during 2004 to 2006 to be liable as an "employer" under Title VII. (Guido Affidavit, paragraphs 5-7).

16. Plaintiffs' federal claims should not be dismissed with prejudice because the Union is an employer for purposes of Title VII. (Guido Affidavit, paragraph 5-7).

17. Defendant's payroll records, W-2 forms, 1099 forms, or LM2 forms will establish that Defendant had the requisite number of employees in 2004 and 2005 (Guido Affidavit, paragraph 7).

18. Defendant has failed to supply sufficient evidence in the form of personal knowledge affidavits or documentary evidence to support its motion for summary judgment. (Legotte Affidavit)

Dated: New Rochelle, New York
February 4, 2008

                                        Yours, etc,

                                        Law Office of
                                        **ROBERT DAVID GOODSTEIN, ESQ.**

                                        By: _____
                                        ROBERT DAVID GOODSTEIN (RDG5443)
                                        *Attorneys for Plaintiffs*
                                        56 Harrison Street, Suite 401
                                        New Rochelle, New York 10801
                                        (914) 632-8382

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARGARET BENDER and CHRISTINA
GUIDO,

                Plaintiffs,

- against -

LOCAL 1, INTERNATIONAL UNION
OF ELEVATOR CONSTRUCTORS,

                Defendant.
------------------------------------------------------------x

Docket No.: 07 Civ 11428 (CLB)

**ECF CASE**

**AFFIDAVIT**

STATE OF NEW YORK    )
                          ) ss:
COUNTY OF WESTCHESTER)

      CHRISTINA GUIDO being duly sworn, deposes and says:

      1.     I am a Plaintiff in the above referred to matter. I make the following Affidavit based upon my own personal knowledge and the documents contained within my files. I make this Affidavit in opposition to the Motion of Defendant, Local 1 International Union of Elevator Constructors, to dismiss the Title VII cause of action of Plaintiffs' Margaret Bender and Christina Guido.

      2.     As stated in my Complaint, from March 2004 through September 6, 2005 I was employed by Defendant as the Office Manager/Bookkeeper. In this capacity my responsibilities included supplying the wage and salary information to Defendant's payroll service to ensure that all employees were paid.

      3.     On or about May 10, 2005, I was sexually assaulted by my direct supervisor, Anthony J. Carudo, The Secretary Treasurer of Defendant, for which I complained to management, including Lenny Legotte.

4. In retaliation for my complaints, I was constructively and actually terminated on September 5, 2005.

5. During calendar years 2004-2005, which represents the 52 weeks prior to the dates of the discriminatory acts against me as alleged in the Complaint, I was aware through my position as bookkeeper, that the Defendant had more than 15 employees. Employees Margaret E. Bender, Thomas Cardiello, Christina Maher-Guido and Margaret Walsh, worked in administration. The officers Anthony Carudo, Raymond Hernandez, Edward Krull, Leonard Legotte, Frederick McCourt, Gary C. Riefenhauser and Robert Stork, were paid by the union and had deductions taken from their salary. Thomas Moore, Peter Boettger and Timothy McGrath, were employees of the union, had taxes withheld and received W-2 forms.

6. Additionally, during that same relevant time period, the members of the Board of Trustees (four (4) individuals; Michael Halpin, Steven Mazza, Charles Novack and Edward O'Hare), the members of the Examining Board (three (3) individuals; William Bulger Jr, Denis Kilduff and Denis O'Neill), the Recording Secretary, Richard Loeb, and the Warden, Greg Moschetti, were all treated as employees by Defendant. These individuals had taxes withheld from their payments and received W-2 forms. Further, on information and belief, these individuals were all listed as employees on the Defendant's LM2 form for 2005 filed with the United States Department of Labor. Because of these actions of Defendant's, there is no question that these individuals should also be included as Defendant's employees.

7. Based upon my personal knowledge, Defendants' payroll records and, on information and belief, its mandated filings with the Department of Labor, will establish Defendant had fifteen (15) or more employees during the relevant time. In fact I believe that Defendant had at least twenty-three (23) employees in or about May 2005.

8.  Defendant has made this motion prior to discovery on this matter. Moreover, Defendant has <u>not</u> attached either its payroll records, W-2s, 1099 forms, or LM2 forms to its motion. This is the best evidence of the actual number of employees. Furthermore, the only affidavit submitted in support of Defendant's motion is made by Lenny Legotte who admits he was a V.P. business agent during the period in question. His Affidavit does not state any facts about personnel during the years 2004 and 2005, which are relevant to my claims. Moreover, Mr. Legotte was not involved in payroll during the time I was employed by Defendant.

**WHEREFORE,** I request that Defendant's Motion For Summary Judgment on Plaintiffs' claims under the Civil Rights Act of 1964, on the grounds that Defendant does not have fifteen (15) or more employees or on the grounds that it is premature since no discovery has been had in this case, be denied, together with such other and further relief as to the Court seems just and proper.

_Christina Guido_
CHRISTINA GUIDO

Sworn to before me this
6th day of February, 2008.

_Notary Public_

ROBERT DAVID GOODSTEIN
Notary Public, State of New York
No. 4753034
Qualified in Westchester County
Term Expires Jan. 31, ~~199~~ 2010