**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
MARGARET BENDER and,
CHRISTINA GUIDO
                   Plaintiffs,

       Against
                                    Docket No. 07 civ 11428
                                    (Judge Brieant)
LOCAL 1, INTERNATIONAL UNION           *(Filed Electronically)*
OF ELEVATOR CONSTRUCTORS
                Defendant.                     Jury Trial Demanded

-------------------------------------------------------------x

### REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DISMISSAL OF PENDENT STATE AND MUNICIPAL CLAIMS WITHOUT PREJUDICE

      NOW COMES Defendant, Local 1, International Union of Elevator Constructors (hereinafter "the Union") and files the following reply brief in support of its Motion for Partial Summary Judgment and Dismissal of Plaintiffs' State and Municipal Claims Without Prejudice, and states as follows:

## I.    <u>INTRODUCTION</u>

      Defendant, Local I, International Union of Elevator Constructors (hereinafter "the Union') filed a motion for partial summary judgment on January 28, 2008 as to Plaintiffs', Margaret Bender and Christina Guido (hereinafter "Bender" and "Guido" or "Plaintiffs"), claims under the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (hereinafter "Title VII"). Defendant properly averred that it could not be a defendant under Title VII, as it did not employ fifteen or more employees at the time of the alleged incident(s) and for at least twenty weeks of the prior year(s). "For purposes of Title VII, the term 'employer' means a person engaged in an

1

industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person." 42 U.S.C. §2000e(b). In addition, the Union sought to dismiss without prejudice Plaintiff's pendent State and Municipal causes of actions which alleged a violation of on behalf of each Plaintiff and claims under the New York State Human Rights Law (NYS Executive Law § 290 *et seq.* and New York City Local Law 59 of 1986, as amended by Rule 39 for 1991, § 9-1-1 *et seq.*)[1]

Plaintiffs filed a response brief on February 5, 2008, wherein they argued that (1) the Union's motion was premature, as discovery has not begun; and (2) in any event, the Union did employ fifteen or more employees for the requisite time period. Both of these arguments are without merit.

## II.   **ARGUMENT**

### A.   **The Union's Motion for Partial Summary Judgment is not Premature.**

Plaintiffs first argue that as discovery has not even begun in this matter, the Union's motion must be dismissed without prejudice. Federal Rule of Procedure 56(f) provides the mechanism for the opposing party to delay summary judgment pending further discovery. *See* Fed.R.Civ.P. 56(f). The party seeking further discovery must describe to the court (1) the information sought and how it will be obtained, (2) how it is reasonably expected to raise a genuine issue of material fact, (3) prior efforts to obtain the information, and (4) why those efforts failed. *Oneida Indian Nation v. City of Sherrill*, 337 F.3d 139, 167 (2d Cir. 2003), *rev'd and remanded on other grounds*, 542 U.S. 936 (2004); *Sage Realty Corp. v. Ins. Co. of North America*, 34 F.3d 124, 128 (2d Cir. 1994).

---

[1] Plaintiffs do not address the second part of this motion, presumably as it is assumed that *if* the Court does not grant the Union's motion for partial summary judgment it will retain pendent jurisdiction, and if granted, the pendent claims will be dismissed.

This Plaintiffs have failed to do. Their argument consists solely of the allegation that Union documents, such as the LM-2 forms, will provide the necessary information to decide whether the Union is an employer for purposes of Title VII. Attached hereto are three additional affidavits and the requested LM-2 forms which definitively settle this issue in favor of the Union's position.

### B.    Defendant employs fewer than fifteen employees.

Plaintiffs rely upon the affidavit of Christina Guido to support their contention that the Union had fifteen or more employees for the requisite period. First, it must be emphasized that in Paragraph five of her affidavit, Guido maintains that the Union had more than fifteen employees in 2004 and 2005. She then proceeds to list these employees – all fourteen of them. Thus, by her own admission, the Union never had more than fourteen employees in 2004 and 2005.

In order for her to continue the illusion that the Union is a proper defendant under Title VII, Guido states in Paragraph six of her affidavit that the members of the Board of Trustees (Michael Halpin, Steven Mazza, Charles Novak and Edward O'Hare), the members of the Examining Board (William Bulger, Jr., Denis Kilduff and Denis O'Neill), the Recording Secretary (Richard Loeb) and the Warden (Greg Moschetti) were all employees of the Union, and therefore must be counted when determining whether the Union was a Title VII employer.

Guido asserts (without any support, but simply upon her "information and belief") that because the Trustees, Examining Board members, Recording Secretary and Warden all received W-2 federal tax withholding forms, they all must be considered to be employees. Receiving a salary and having taxes withheld, however, does not itself qualify a union trustee or director as

3

an employee. *See Kern v. City of Rochester*, 93 F.3d 38, 47 (2d Cir. 1996), *cert. den.* 520 U.S. 1155 (1997); *Chavero v. Local 241, A Division of the Amalgamated Transit Union*, 787 F.2d 1154, 1157 (7th Cir. 1986) (holding that executive board members of a union were not employees under Title VII).

Directors of both corporations and unions have been traditionally treated as employers, not employees, under Title VII. *See Chavero, 787 F.2d at 1156* ("[M]embers of boards of directors are not employees for purposes of Title VII coverage under any standards.") Directors are traditionally employer rather than employee positions. *Id.* at 1157. Congress did not intend otherwise when passing Title VII. *Id.* at 1156 (citing 110 Cong. Rec. 7218 (April 8, 1965.))

In *Drescher v. Shatkin*, 280 F.3d. 201, 203 (2d Cir. 2002) the Court cited a three-factor test for establishing whether a director has assumed duties that would make her an employee for purposes of anti-discrimination laws: "(1) whether the director has undertaken traditional employee duties; (2) whether the director was regularly employed by a separate entity; and (3) whether the director reported to someone higher in the hierarchy." Thus, while a director may be considered to be an employee if he or she undertakes traditional employee duties (*see Kern v. City of Rochester*, 93 F.3d at 47; *Chavero, 787 F.2d at 1157*), Plaintiffs have not even alleged that this is the case in the present matter before the Court.

Nor can they. The uncontradicted evidence supports the fact that the Trustees, Examining Board, Warden and Recording Secretary did not engage in traditional employee duties. Denis Kilduff, one of the members of the Examining Board referenced by Guido in her affidavit, clearly and without contradiction asserts that the Examining Board meets approximately eight times a year to interview applicants for membership in the Union. (See Affidavit of Denis Kilduff, attached hereto as Exhibit "A.") Steve Mazza, one of the Trustees

4

referenced in the Guido affidavit, clearly and without contradiction asserts that the Board of Trustees meets once a month during a ten-month period and four times a year with the Secretary/Treasurer to review the Union's income and expenses. (See Affidavit of Steve Mazza, attached hereto as Exhibit "B.")  Thus, the members of the Executive Board (Examining Board, Trustees, Warden and Recording Secretary) are not employees under the first and third factors of the *Drescher* test – they did not undertake the traditional duties of an employee; moreover, they were the ones who oversaw the Union's operations and reviewed the work of the Officers, not the other way around.[2]

Under the second *Drescher* factor, the Trustees, Examining Board Members, Warden and Recording Secretary clearly are not employees of the Union, as each worked full-time for another employer in the elevator construction and maintenance business.  See Mazza Affidavit, ¶¶ 2, 8 (noting that Mazza worked approximately sixty hours per week for Schindler Elevator Corporation, and that each of the members of the Board of Trustees worked full-time for an elevator company); Kilduff Affidavit, ¶¶ 2, 5 (noting that Kilduff worked for Otis Elevator Company and then for Fujitech New York, Inc. and that each of the members of the Examining Board worked full-time for an elevator company); Legotte Affidavit ¶¶ 10-13 (attached to the Union Motion and Brief in support thereof) (noting that the Trustees, Examining Board, Warden and Recording Secretary all worked full time for companies in the elevator industry.)

---

[2] No one factor is dispositive, as this three-factor test is simply a more specific delineation of a totality-of-the-circumstances test. *See Drescher,* 280 F.3d. at 203-204.  The third factor – whether the director answers to someone higher in the organization, will usually only be considered when the director has undertaken some traditional employee duties but who is so far up the organizational ladder and who so dominates the affairs of the employer that she actually sets and controls the very policies at issue, and therefore cannot be considered an employee under Title VII. *See Drescher,* 280 F.3d. at 204.  Thus, this third factor is not really at issue in the case at bar.

Thus, Plaintiffs are left only to speculate that the Union's LM-2 forms will reveal that these individuals were employees of the Union.  Under Title II of the Labor-Management Reporting and Disclosure Act ("LMRDA") of 1959, 29 U.S.C. §§ 401, *et seq.*, unions must file with the United States Department of Labor copies of their constitutions and bylaws, and financial reports, called in the case of the Union, an "LM-2."  See Exhibit "C" – Affidavit of Lenny Legotte.  The LM-2 forms provide information about officers' salaries and expenses, union loans, expenditures and investments. Id. at ¶ 4. Schedules 11 and 12 of the LM-2 form requires a union to list all disbursements to officers and employees, respectively, "include[ing] disbursements to individuals other than officers who receive lost time payments even if the labor organization does not otherwise consider them to be employees or does not make any other direct or indirect disbursements to them." (See "Instruction for Form LM-2 U.S. Department of Labor, http://www.olms.dol.gov.) Id. at ¶ 5.

The (second) Legotte Affidavit, along with the attached excerpts of the LM-2 forms filed by the Union, reveal that the Trustees, Examining Board, Recording Secretary and Warden were not employees of the Union, despite Plaintiffs speculation otherwise.  The LMRA requires any and all disbursements to any individual to be listed on an LM-2. The LM-2 forms list these disbursements as "Disbursements to Officers" (as opposed to "employees.")  See LM-2 forms attached to Legotte Affidavit.  These forms further reveal that the individuals in question were reimbursed significantly less than the Union's actual employees.  That is because they were only reimbursed for their attendance at meetings, and took on no traditional employee work for the Union.  See Legotte Affidavit ¶¶ 7-15.  Thus, these individuals are not employees under Title VII.  *See Kern*, 93 F.3d at 47 (holding that eight union executive board members were not employees under Title VII, as "a director is not an employee because he draws a salary.")

6

Plaintiffs, by their own admission, can assert that the Union had only fourteen employees Union for 2004 and 2005 (ignoring, by the way, 2006.)  See Guido Affidavit.  They therefore speculate that the Trustees, Examining Board members, Warden and Recording Secretary must be employees.   The Union has now proven such speculation to be misguided.  The clear evidence shows that the Union was not an employer under Title VII at all times relevant.   Since the evidence now before the Court clearly establishes that fact, there is no need for any further discovery on this issue, and Defendant's Motion must be granted.

## II.     **CONCLUSION**

For these reasons and for the reasons set forth above and in Defendant Union's Brief in Support of its Motion for Partial Summary Judgment, Plaintiffs' Title VII claims must be dismissed with prejudice and the pendent state and municipal claims dismissed.

Respectfully submitted:

RICHARD H. MARKOWITZ, ESQUIRE
(RHM5158)
MARKOWITZ and RICHMAN
880 Third Avenue, Ninth Floor
New York, NY  10022

OF COUNSEL:

PETER H. DEMKOVITZ, ESQUIRE
(PHD7335)
MARKOWITZ and RICHMAN
121 South Broad Street, Suite 1100
Philadelphia, PA  19107
215-875-3100

Counsel for Defendant,
Local 1, International Union of Elevator Constructors

Dated: February 19, 2008

7

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a true and correct copy of the foregoing Reply Brief in Support of Defendant's Motion for Partial Summary Judgment and Dismissal of Plaintiffs' State and Municipal Claims, Motion, Notice of Motion, Statement of Material Facts and Supporting Affidavit to be forwarded the 19th day of February 2008 via First Class United States Mail and electronic filing to:

> Robert David Goodstein, Esquire
> Attorney for Plaintiffs
> 56 Harrison Street, Suite 401
> New Rochelle, NY  10801

PETER H. DEMKOVITZ, ESQ.

# ATTACHMENT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

MARGARET BENDER and,
CHRISTINA GUIDO
                Plaintiffs,

       Against

                                    Docket No. 07 civ 11428
                                    (Judge Brieant)

LOCAL 1, INTERNATIONAL UNION
                                    *(Filed Electronically)*
OF ELEVATOR CONSTRUCTORS
                Defendant.
                                    Jury Trial Demanded

---------------------------------------------------------------x

## <u>AFFIDAVIT OF STEVE MAZZA</u>

I, Steve Mazza, being duly sworn and according to law deposes and says:

1.       I reside at 1 Sandy Hollow Road, Smithtown, NY 11787.

2.       I have been employed as a service mechanic by Schindler Elevator Corp. for the past ten (10) years. I work out of Schindler's Hicksville, NY office in Long Island. I work forty (40) hours a week and average almost twenty (20) hours a week overtime working for Schindler.

3.       I am a service mechanic which means that I maintain and care for elevators and escalators in an assigned area. I have approximately thirty-five (35) buildings on my route and these buildings contain approximately one hundred (100) elevators and escalators. I attempt to visit each building once a month during which visit I oil and grease the elevator or escalator machinery and make sure they are running well.

4.       I am also called to correct elevator malfunctions. For example, when an elevator does not stop level with a particular floor or when a hallway call button or elevator cab call button does not operate properly, the building owner or manager will communicate with Schindler and Schindler will page me to go to that particular building and correct the problem. If I cannot correct the problem or if

the elevator or escalator needs a part, I will call my supervisor at the Hicksville, New York office and he may assign a mechanic and apprentice, constituting a repair team, to correct the situation.

5.      I am a member of the Board of Trustees of Local No. 1 International Union of Elevator Constructors.  I was elected to this position initially in February, 2004, again in June, 2004 and most recently in June, 2007.

6.      The Board of Trustees of the Union meets with its Secretary-Treasurer approximately four (4) times a year to review the income and expenses of the Union during the prior calendar quarter. The members of the Board of Trustees, of whom there are 5, are also members of the Union's Executive Board which meets on the third Tuesday of every month from September through June.

7.      Each member of the Board of Trustees is a full time employee of an elevator company such as Otis Elevator Co., Schindler Elevator Corp., ThyssenKrupp Elevator and works full time for such elevator concern.

8.      When the members of the Board of Trustees attend meetings with the Secretary-Treasurer or Executive Board meetings, we are paid eight (8) hours pay at the construction mechanic's rate of pay, plus fringe benefits.

9.      I am not an employee of Local No. 1 International Union of Elevator Constructors.  I am employed on a permanent full time basis by Schindler Elevator Corp.

STEVE MAZZA

Sworn before me this 3 day of

February , 2008

Notary Public

KAREN A. FIELDER
Notary Public, State Of New York
No. 02FI6103258
Qualified In Suffolk County
Commission Expires December 22, 2011

2

# ATTACHMENT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARGARET BENDER and,
CHRISTINA GUIDO
               Plaintiffs,

      Against

                                        Docket No. 07 civ 11428
                                        (Judge Brieant)

LOCAL 1, INTERNATIONAL UNION         *(Filed Electronically)*
OF ELEVATOR CONSTRUCTORS
               Defendant.                  Jury Trial Demanded

------------------------------------------------------------x

## AFFIDAVIT OF DENIS KILDUFF

I, Denis Kilduff, being duly sworn and according to law deposes and says:

1.     I reside at 7 Dill Court, Old Bridge, NJ 08857.

2.     I am employed as a construction mechanic in charge by Fujitech New York, Inc. I am employed on the Xanadu job site in the Meadowlands in New Jersey and have been employed at that job site by Fujitech New York since August 1, 2007. Prior to August 1, 2007, I was employed by Fujitech on another job site as a construction mechanic. I have been employed by Fujitech New York as a construction mechanic since June, 2006.

3.     I began work in the elevator industry in April, 1985 as a probationary helper for Otis Elevator Co. I took the courses offered by the National Elevator Industry Educational Program and became an elevator mechanic in 1989. I was employed by Otis for twenty-one and one-half (21½) years until I was laid off in April, 2006 and I worked both in the construction and the maintenance aspects of Otis' business. When I worked for Otis, we averaged approximately ten (10) hours per week overtime, in addition to our regular forty (40) hour work week.

4.     I am a member of the Examining Board of Local No. 1 International Union of Elevator Constructors. I was elected to this office in June, 2004 and re-elected in June, 2007. The

function of the Examining Board is to interview applicants for membership in the Union and to determine if they meet the requirements for such membership. We have never denied anyone membership except for non-payment of dues or initiation fee.

5.    The Examining Board meets approximately eight (8) times per year to conduct the interviews of applicants for membership. Each member of the Examining Board, of which there are three (3), is a full time employee of an elevator company such as Otis Elevator Co., Schindler Elevator Corp., ThyssenKrupp Elevator and works full time for such elevator concern.

6.    In addition, the members of the Examining Board are members of the Union's Executive Board which meets ten (10) times a year, once a month from September through June. We are paid by the Union eight (8) hours pay at the construction mechanic's rate of pay, plus fringe benefits, for our attendance at meetings of the Examining Board and the Executive Board.

7.    I am a full time employee of Fujitech New York and I am not employed by Local No. 1 International Union of Elevator Constructors.

DENIS KILDUFF

Sworn before me this 13 th day of

February , 2008

Notary Public

> Linda A. Diaz
> **A Notary Public of New Jersey**
> **My Commission Expires 9/16/2012**

2

# ATTACHMENT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
MARGARET BENDER and,
CHRISTINA GUIDO
                 Plaintiffs,

      Against
                                       Docket No. 07 civ 11428
                                       (Judge Brieant)
LOCAL 1, INTERNATIONAL UNION          *(Filed Electronically)*
OF ELEVATOR CONSTRUCTORS
               Defendant.                Jury Trial Demanded
------------------------------------------------------------x

## AFFIDAVIT OF LENNY LEGOTTE

     I, LENNY LEGOTTE, swear and affirm as follows:

     1.     I, Lenny Legotte, am President-Business Manager of the International Union of

Elevator Constructors Local 1, 47-24 27th Street, Long Island City, NY 11101 (hereinafter "the

Union.")

     2.     I was elected President Business-Manager in June 2007. Prior to that I had been a

Vice President-Business Agent of the Union for approximately four years.

     3.     As the Vice President-Business Agent for the Union between 2003 and 2007, I

have first-hand knowledge and familiarity with the Union payroll records and reporting

requirements under the Labor-Management Reporting and Disclosure Act ("LMRDA") of 1959,

29 U.S.C. §§ 401, *et seq.*

     4.     Under Title II of the LMRDA, 29 U.S.C. §§ 401, *et seq.*, Unions must file with the

Federal Department of Labor copies of their constitutions and bylaws, and financial reports, called

in the case of the Union, an "LM-2." These documents are available to the public. The LM forms

provide information about officers' salaries and expenses, union loans, expenditures and

investments.

5.    Schedule 11 of the LM-2 form requires a union to list all disbursements to employees, "include[ing] disbursements to individuals other than officers who receive lost time payments even if the labor organization does not otherwise consider them to be employees or does not make any other direct or indirect disbursements to them." (See "Instruction for Form LM-2 U.S. Department of Labor, http://www.olms.dol.gov.)

6.    Attached are true and correct copies of the Union's LM-2 reports for 2005 to 2006.

7.    These records reflect that the LM-2 form for 01/01/2006 to 12/31/2006 includes disbursements made to the following employees:  Raymond Hernandez, President/Business Manager; Anthony Carudo, Secretary/Treasurer; Robert Stork, Vice President/Business Agent; Leonard Legotte, Vice President/Business Agent; Frederick McCourt, Vice President/Business Agent; Peter Boettger, Maintenance; Thomas Cardiello, Office Staff; Timothy McGrath, Maintenance; Thomas Moore, Organizer, Sue Ann Noble, Office Staff; Margaret Walsh, Administrative Assistant;  Edward Krull, Vice President/Business Agent; and Gary Riefenhauser, Day Secretary, for a total of thirteen (13) employees.

8.    In addition, these records also reflect that the five (5) members of the Board of Trustees (Michael Halpin, Raymond Haines, Charles Novak, Steven Mazza, and Edward O'Hare) received disbursements for the year of only between $1,056 and $7,310, reflecting that each was only reimbursed for the days they attended Board meetings, and that they were at all times relevant not employees of the Union.

9.    In addition these records also reflect that the three (3) members of the Examining Board (William Bulger, Denis Kilduff, and Denis O'Neil) received disbursements for the year of only between $4,862 and $5,566, reflecting that each was only reimbursed for the days they attended Board meetings, and that they were at all times relevant not employees of the Union.

10.    In addition, these records also reflect that while the Recording Secretary, Correspondent and Warden received disbursements for the year of only between $336 and $8,333 reflecting that each was only reimbursed for the days they attended Board meetings, and that they were at all times relevant not employees of the Union.

11.    These records reflect that the LM-2 form for 01/01/2005 to 12/31/2005 includes disbursements made to the following employees:   Raymond Hernandez, President/Business Manager; Anthony Carudo, Secretary/Treasurer; Robert Stork, Vice President/Business Agent; Leonard Legotte, Vice President/Business Agent; Frederick McCourt, Vice President/Business Agent; Margaret Bender, Administrative Assistant; Peter Boettger, Maintenance; Thomas Cardiello, Office Staff; Christina Guido, Office Staff; Margaret Walsh, Administrative Assistant; Edward Krull, Vice Business/Business Agent; Timothy McGrath, Maintenance;  Thomas Moore, Organizer and Gary Riefenhauser, Day Secretary, for a total of fourteen (14) employees.

12.    In addition, these records also reflect that the five (5) members of the Board of Trustees (Michael Halpin, Raymond Haines, Charles Novak, Steven Mazza, and Edward O'Hare) received disbursements for the year of only between $0 and $12,613, reflecting that each was only reimbursed for the days they attended Board meetings, and that they were at all times relevant not employees of the Union.

13.    In addition these records also reflect that the three (3) members of the Examining Board (William Bulger, Denis Kilduff, and Denis O'Neil) received disbursements for the year of only between $4,971 and $6,870, reflecting that each was only reimbursed for the days they attended Board meetings, and they were at all times relevant not employees of the Union.

14.    In addition, these records also reflect that while the Recording Secretary, Correspondent and Warden received disbursements for the year of only between $1,599 and

$4,753 reflecting that each was only reimbursed for the days they attended Board meetings, and that they were at all times relevant not employees of the Union.

15.    These payroll and LM-2 records therefore reflect that from 2005 through 2006, the Union did not have fifteen employees.

_____
LENNY LEGOTTE

Sworn before me this 14th day of

February _____, 2008

_____
Notary Public

Ann C. Lansing
Notary Public State of New York
Reg # 01LA6142453
Qualified in New York County
Commission Expires 03/20/2010

4

U.S. Department of Labor
Employment Standards Administration
Office of Labor-Management Standards
Washington, DC 20210

# FORM LM-2 LABOR ORGANIZATION ANNUAL REPORT

**MUST BE USED BY LABOR ORGANIZATIONS WITH $250,000 OR MORE IN TOTAL ANNUAL RECEIPTS AND LABOR ORGANIZATIONS IN TRUSTEESHIP**

Form Approved
Office of Management and Budget
No. 1215-0188
Expires: 11-30-2009

This report is mandatory under P.L. 86-257, as amended. Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 439 or 440.

READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT.

| For Official Only | 1. FILE NUMBER | 2. PERIOD COVERED | | |
|---|---|---|---|---|
| | 032-415 | | MO   DAY   YEAR | |
| E | | From | 01/01/2006 | |
| | | Through | 12/31/2006 | |

3. (a) AMENDED - If this is an amended report, check here: ☐
(b) HARDSHIP - If filing under the hardship procedures, check here: ☐
(c) TERMINAL - If this is a terminal report, check here: ☐

| 4. AFFILIATION OR ORGANIZATION NAME | 8. MAILING ADDRESS (Type or print in capital letters) |
|---|---|
| ELEVATOR CONSTRUCTORS AFL-CIO | First Name: ANTHONY   Last Name: CARUDO |
| 5. DESIGNATION (Local, Lodge, etc.) | P.O. Box - Building and Room Number |
| LOCAL UNION | |
| 6. DESIGNATION NUMBER: 1 | |
| 7. UNIT NAME (if any) | Number and Street: 47-24 27TH STREET |
| | City: LONG ISLAND CITY |
| 9. Are your organization's records kept at its mailing address? (If "No," provide address in Item 69.)   Yes ☐  No ☒ | State: NY   ZIP Code + 4: 11101 |

69. ADDITIONAL INFORMATION (Text entered will appear on last page of form. To enter comments, press the "General Additional Information" button.)

Each of the undersigned, duly authorized officers of the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete. (See Section VI on penalties in the instructions.)

| 70. SIGNED: Raymond Hernandez | 71. SIGNED: Anthony J Carudo |
|---|---|
| PRESIDENT (If other title, see instructions.) | TREASURER (If other title, see instructions.) |
| Date _____ Telephone Number _____ | Date _____ Telephone Number _____ |

Form LM-2 (Revised 2003)

Page 1 of 73

# SCHEDULE 11 — ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 032-415

| # | (A) Name | (B) Title | (C) Status | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|---|
| 1 A | First Name RAYMOND / Middle Initial / Last Name HERNANDEZ | | | $149,026 | $6,344 | $24,717 | $0 | $180,087 |
| B | | PRESIDENT & BUS. MANAGER | | | | | | |
| C | | | C | | | | | |
| I | | | Schedule 15 Representational Activities 61 % | Schedule 16 Political Activities and Lobbying 1 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 0 % | 38 % |
| 2 A | First Name ANTHONY / Middle Initial / Last Name CARUDO | | | $129,670 | $2,600 | $1,403 | $0 | $133,673 |
| B | | SECRETARY - TREASURER | | | | | | |
| C | | | C | | | | | |
| I | | | Schedule 15 Representational Activities 8 % | Schedule 16 Political Activities and Lobbying 1 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 79 % | 12 % |
| 3 A | First Name ROBERT / Middle Initial / Last Name STORK | | | $130,021 | $5,148 | $20,846 | $0 | $156,015 |
| B | | VP/BUSINESS AGENT | | | | | | |
| C | | | C | | | | | |
| I | | | Schedule 15 Representational Activities 100 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 0 % | 0 % |
| 4 A | First Name LEONARD / Middle Initial / Last Name LEGOTTE | | | $130,021 | $5,148 | $21,432 | $0 | $156,601 |
| B | | VP/BUSINESS AGENT | | | | | | |
| C | | | C | | | | | |
| I | | | Schedule 15 Representational Activities 95 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 3 % | Schedule 19 Administration 2 % | 2 % |
| 5 A | First Name FREDERICK / Middle Initial / Last Name MCCOURT | | | $130,021 | $5,148 | $21,513 | $0 | $156,682 |
| B | | VP/BUSINESS AGENT | | | | | | |
| C | | | C | | | | | |
| I | | | Schedule 15 Representational Activities 92 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 8 % | Schedule 19 Administration 0 % | 0 % |
| 6. | TOTALS FROM CONTINUATION PAGES (if any) | | | $310,556 | $6,770 | $24,530 | $0 | $341,856 |
| 7. | TOTAL OF LINES 1-6 | | | $979,315 | $31,158 | $114,441 | $0 | $1,124,914 |
| 8. | LESS DEDUCTIONS | | | | | | | $334,203 |
| 9. | NET DISBURSEMENTS | | | | | | | $790,711 |

5668.228

Form LM-2 (Revised 2003)

FILE NUMBER: 032-415

# SCHEDULE 12 — DISBURSEMENTS TO EMPLOYEES

| (A) Name | (B) Title | (C) Other Payer | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|
| **1 A** First Name PETER / Middle Initial / Last Name BOETTGER | | | | | | | |
| B | MAINTENANCE | | $81,925 | $0 | $0 | $0 | $81,925 |
| C | NONE | | | | | | |
| I | Schedule 15 Representational Activities 0 % | Schedule 16 Political Activities and Lobbying 0 % | | Schedule 17 Contributions $0 | Schedule 18 General Overhead $0 | Schedule 19 Administration 100% | 0 % |
| **2 A** First Name THOMAS / Middle Initial / Last Name CARDIELLO | | | | | | | |
| B | OFFICE STAFF | | $101,937 | $0 | $0 | $0 | $101,937 |
| C | NONE | | | | | | |
| I | Schedule 15 Representational Activities 0 % | Schedule 16 Political Activities and Lobbying 0 % | | Schedule 17 Contributions $0 | Schedule 18 General Overhead $0 | Schedule 19 Administration 100% | 0 % |
| **3 A** First Name TIMOTHY / Middle Initial / Last Name MCGRATH | | | | | | | |
| B | MAINTENANCE | | $81,925 | $0 | $0 | $0 | $81,925 |
| C | NONE | | | | | | |
| I | Schedule 15 Representational Activities 0 % | Schedule 16 Political Activities and Lobbying 0 % | | Schedule 17 Contributions $0 | Schedule 18 General Overhead $0 | Schedule 19 Administration 100% | 0 % |
| **4 A** First Name THOMAS / Middle Initial / Last Name MOORE | | | | | | | |
| B | ORGANIZER | | $102,451 | $99 | $5,751 | $0 | $108,301 |
| C | NONE | | | | | | |
| I | Schedule 15 Representational Activities 100% | Schedule 16 Political Activities and Lobbying 0 % | | Schedule 17 Contributions $99 | Schedule 18 General Overhead $5,751 | Schedule 19 Administration 0 % | 0 % |
| **5 A** First Name SUE ANN / Middle Initial / Last Name NOBLE | | | | | | | |
| B | OFFICE STAFF | | $41,600 | $0 | $0 | $0 | $41,600 |
| C | NONE | | | | | | |
| I | Schedule 15 Representational Activities 0 % | Schedule 16 Political Activities and Lobbying 0 % | | Schedule 17 Contributions $0 | Schedule 18 General Overhead $0 | Schedule 19 Administration 100% | 0 % |
| 6. TOTAL RECEIVED BY ALL OTHER EMPLOYEES MAKING $10,000 OR LESS | | | $14,454 | $0 | $349 | $0 | $14,803 |
| I | Schedule 15 Representational Activities 62 % | Schedule 16 Political Activities and Lobbying 0 % | | Schedule 17 Contributions $0 | Schedule 18 General Overhead $349 | Schedule 19 Administration 30 % | 8 % |
| 7. TOTALS FROM CONTINUATION PAGES (if any) | | | $41,600 | $0 | $0 | $0 | $41,600 |
| 8. TOTAL OF LINES 1-7 | | | $465,892 | $99 | $6,100 | $0 | $472,091 |
| 9. LESS DEDUCTIONS | | | | | | | $135,655 |
| 10. NET DISBURSEMENTS | | | | | | | $336,436 |

Form LM-2 (Revised 2003)

# SCHEDULE 11 — ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 032-415

| (A) Name | (B) Title | (C) Status | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|
| **1 A** First Name EDWARD Last Name KRULL Middle Initial | VP/BUSINESS AGENT | P | $124,682 | $4,950 | $16,009 | $0 | $145,641 |
| B | Schedule 16 Political Activities and Lobbying | | 0 % | 0 % | 0 % | 0 % | 25 % |
| C | | | | | | | |
| I | Schedule 15 Representational Activities 75 % | | Schedule 16 Political Activities and Lobbying | Schedule 17 Contributions | Schedule 18 General Overhead | | Schedule 19 Administration |
| **2 A** First Name GARY Last Name RIEFENHAU Middle Initial | DAY SECRETARY | C | $130,021 | $1,820 | $2,106 | $0 | $133,947 |
| B | | | 0 % | 0 % | 0 % | 0 % | 75 % |
| C | | | | | | | |
| I | Schedule 15 Representational Activities 25 % | | Schedule 16 Political Activities and Lobbying | Schedule 17 Contributions | Schedule 18 General Overhead | | Schedule 19 Administration |
| **3 A** First Name MICHAEL Last Name HALPIN Middle Initial | BOARD OF TRUSTEES | C | $6,270 | $0 | $840 | $0 | $7,110 |
| B | | | 0 % | 0 % | 0 % | 0 % | 10 % |
| C | | | | | | | |
| I | Schedule 15 Representational Activities 90 % | | Schedule 16 Political Activities and Lobbying | Schedule 17 Contributions | Schedule 18 General Overhead | | Schedule 19 Administration |
| **4 A** First Name RAYMOND Last Name HAINES Middle Initial | BOARD OF TRUSTEES | C | $1,056 | $0 | $0 | $0 | $1,056 |
| B | | | 0 % | 0 % | 0 % | 0 % | 0 % |
| C | | | | | | | |
| I | Schedule 15 Representational Activities 100 % | | Schedule 16 Political Activities and Lobbying | Schedule 17 Contributions | Schedule 18 General Overhead | | Schedule 19 Administration |
| **5 A** First Name CHARLES Last Name NOVAK Middle Initial | BOARD OF TRUSTEES | C | $4,862 | $0 | $751 | $0 | $5,613 |
| B | | | 0 % | 0 % | 0 % | 0 % | 10 % |
| C | | | | | | | |
| I | Schedule 15 Representational Activities 90 % | | Schedule 16 Political Activities and Lobbying | Schedule 17 Contributions | Schedule 18 General Overhead | | Schedule 19 Administration |
| **6.** | | | | | | | |
| **7.** TOTAL OF LINES 1-6 | | | $266,891 | $6,770 | $19,706 | $0 | $293,367 |

# SCHEDULE 11 — ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 032-415

| (A) Name | (B) Title | (C) Status | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|
| **1A** First Name STEVEN / Middle Initial / Last Name MAZZA | BOARD OF TRUSTEES | C / C | $6,974 | $0 | $0 | $0 | $6,974 |
| Schedule 15 Representational Activities 90% | | | Schedule 16 Political Activities and Lobbying 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration 0% | 10% |
| **2A** First Name KEVIN / Middle Initial / Last Name MCCLAUGHR | RECORDING SECRETARY | C / C | $8,333 | $0 | $1,124 | $0 | $9,457 |
| Schedule 15 Representational Activities 80% | | | Schedule 16 Political Activities and Lobbying 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration 0% | 20% |
| **3A** First Name EDWARD / Middle Initial / Last Name O'HARE | BOARD OF TRUSTEES | C / C | $7,310 | $0 | $0 | $0 | $7,310 |
| Schedule 15 Representational Activities 90% | | | Schedule 16 Political Activities and Lobbying 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration 0% | 10% |
| **4A** First Name WILLIAM / Middle Initial / Last Name BULGER | EXAMINING BOARD | C / C | $5,566 | $0 | $1,670 | $0 | $7,236 |
| Schedule 15 Representational Activities 90% | | | Schedule 16 Political Activities and Lobbying 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration 0% | 10% |
| **5A** First Name DENIS / Middle Initial / Last Name KILDUFF | EXAMINING BOARD | C / C | $4,878 | $0 | $1,025 | $0 | $5,903 |
| Schedule 15 Representational Activities 90% | | | Schedule 16 Political Activities and Lobbying 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration 0% | 10% |
| **6.** | | | | | | | |
| **7.** TOTAL OF LINES 1-6 | | | $33,061 | $0 | $3,819 | $0 | $36,880 |

Form LM-2 (Revised 2003)

# SCHEDULE 11 — ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER:  032-415

| (A) Name | (B) Title | (C) Status | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|
| 1A First Name DENIS | EXAMINING BOARD | Middle Initial  Last Name O'NEIL | | | | | |
| B | | C | $4,862 | $0 | $975 | $0 | $5,837 |
| C | | C | | | | | |
| I Schedule 15 Representational Activities 90 % | Schedule 16 Political Activities and Lobbying  0 % | Schedule 17 Contributions  0 % | Schedule 18 General Overhead  0 % | Schedule 19 Administration  10 % | | | |
| 2A First Name GREG | WARDEN | Middle Initial  Last Name MOSCHETTI | | | | | |
| B | | C | $5,406 | $0 | $30 | $0 | $5,436 |
| C | | C | | | | | |
| I Schedule 15 Representational Activities 90 % | Schedule 16 Political Activities and Lobbying  0 % | Schedule 17 Contributions  0 % | Schedule 18 General Overhead  0 % | Schedule 19 Administration  10 % | | | |
| 3A First Name LEE | CORRESPONDENT | Middle Initial  Last Name PIRONE | | | | | |
| B | | C | $336 | $0 | $0 | $0 | $336 |
| C | | C | | | | | |
| I Schedule 15 Representational Activities 100 % | Schedule 16 Political Activities and Lobbying  0 % | Schedule 17 Contributions  0 % | Schedule 18 General Overhead  0 % | Schedule 19 Administration  0 % | | | |
| 4A First Name | | Middle Initial  Last Name | | | | | |
| B | | | | | | | $0 |
| C | | | | | | | |
| I Schedule 15 Representational Activities  % | Schedule 16 Political Activities and Lobbying  % | Schedule 17 Contributions  % | Schedule 18 General Overhead  % | Schedule 19 Administration  % | | | |
| 5A First Name | | Middle Initial  Last Name | | | | | |
| B | | | | | | | $0 |
| C | | | | | | | |
| I Schedule 15 Representational Activities  % | Schedule 16 Political Activities and Lobbying  % | Schedule 17 Contributions  % | Schedule 18 General Overhead  % | Schedule 19 Administration  % | | | |
| 6. | | | | | | | |
| 7. TOTAL OF LINES 1-6 | | | $10,604 | $0 | $1,005 | $0 | $11,609 |

Form LM-2 (Revised 2003)

# SCHEDULE 12 — DISBURSEMENTS TO EMPLOYEES

FILE NUMBER: 032-415

| (A) Name | (B) Title | (C) Other Payer | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|
| **1 A** First Name MARGARET  Middle Initial  Last Name WALSH | ADMINISTRATIVE ASSIST. | NONE | $41,600 | $0 | $0 | $0 | $41,600 |
| **I** | Schedule 15 Representational Activities 0 % | Schedule 16 Political Activities and Lobbying 0 % | 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead | Schedule 19 Administration 100% | 0 % |
| **2 A** First Name  Middle Initial  Last Name | | | | | | | |
| **B** | | | | | | | |
| **C** | | | | | | | |
| **I** | Schedule 15 Representational Activities % | Schedule 16 Political Activities and Lobbying % | % | Schedule 17 Contributions % | Schedule 18 General Overhead | Schedule 19 Administration % | % |
| **3 A** First Name  Middle Initial  Last Name | | | | | | | |
| **B** | | | | | | | |
| **C** | | | | | | | |
| **I** | Schedule 15 Representational Activities % | Schedule 16 Political Activities and Lobbying % | % | Schedule 17 Contributions % | Schedule 18 General Overhead | Schedule 19 Administration % | % |
| **4 A** First Name  Middle Initial  Last Name | | | | | | | |
| **B** | | | | | | | |
| **C** | | | | | | | |
| **I** | Schedule 15 Representational Activities % | Schedule 16 Political Activities and Lobbying % | % | Schedule 17 Contributions % | Schedule 18 General Overhead | Schedule 19 Administration % | % |
| **5 A** First Name  Middle Initial  Last Name | | | | | | | |
| **B** | | | | | | | |
| **C** | | | | | | | |
| **I** | Schedule 15 Representational Activities % | Schedule 16 Political Activities and Lobbying % | % | Schedule 17 Contributions % | Schedule 18 General Overhead | Schedule 19 Administration % | % |
| **6.** | | | | | | | |
| **7.** | | | | | | | |
| **8. TOTAL OF LINES 1-7** | | | $41,600 | $0 | $0 | $0 | $41,600 |

Form LM-2 (Revised 2003)

U.S. Department of Labor
Employment Standards Administration
Office of Labor-Management Standards
Washington, DC 20210

# FORM LM-2 LABOR ORGANIZATION ANNUAL REPORT

**MUST BE USED BY LABOR ORGANIZATIONS WITH $250,000 OR MORE IN TOTAL ANNUAL RECEIPTS AND LABOR ORGANIZATIONS IN TRUSTEESHIP**

Form Approved
Office of Management and Budget
No. 1215-0188
Expires: 11-30-2006

This report is mandatory under P.L. 86-257, as amended. Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 439 or 440.

READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT.

| For Official Use Only | 1. FILE NUMBER | 2. PERIOD COVERED | 3. (a) AMENDED - If this is an amended report, check here: ☐ |
|---|---|---|---|
| E | 032-415 | MO | DAY | YEAR | (b) HARDSHIP - If filing under the hardship procedures, check here: ☐ |
| | | From 01/01/2005 | (c) TERMINAL - If this is a terminal report, check here: ☐ |
| | | Through 12/31/2005 | |

**4. AFFILIATION OR ORGANIZATION NAME**
ELEVATOR CONSTRUCTORS AFL-CIO

**5. DESIGNATION** (Local, Lodge, etc.)
LOCAL UNION

**6. DESIGNATION NUMBER**
1

**7. UNIT NAME** (if any)

**8. MAILING ADDRESS** (Type or print in capital letters)

First Name
ANTHONY

Last Name
CARUDO

P.O. Box - Building and Room Number

Number and Street
47-24 27TH STREET

City
LONG ISLAND CITY

State
NY

ZIP Code + 4
11101

**9. Are your organization's records kept at its mailing address?** (If "No," provide address in Item 69.)
Yes ☒     No ☐

**69. ADDITIONAL INFORMATION** (Text entered will appear on last page of form. To enter comments, press the "General Additional Information" button.)

Each of the undersigned, duly authorized officers of the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete. (See Section VI on penalties in the instructions.)

**70.** SIGNED: Raymond Hernandez
PRESIDENT
(If other title, see instructions.)

Digitally signed by Raymond Hernandez
DN: CN = Raymond Hernandez, C = US, O = 1787 AGES Business
Reason: I attest to the accuracy of this document
Date: 2006.02.10.94:39:21 -05'00'

Date _____
Telephone Number _____

**71.** SIGNED: Anthony J Carudo
TREASURER
(If other title, see instructions.)

Digitally signed by Anthony J Carudo
DN: CN = Anthony J Carudo, C = US, O = 1797 AGES Business
Representative, OU = AGES Trust Business Certificate
Reason:
Date: 2006.02.10.12:38:31 -05'00'

Date _____
Telephone Number _____

Form LM-2 (Revised 2003)

# SCHEDULE 11 — ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 032-415

| (A) Name | (B) Title | (C) Status | Schedule | % | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 1 A RAYMOND / HERNANDEZ | PRESIDENT & BUS. MANAGER | C | Schedule 15 Representational Activities | 61 % | $139,489 | $6,344 | $21,114 | $0 | $166,947 |
| | | | Schedule 16 Political Activities and Lobbying | 1 % | | 0 % | 0 % | 0 % | 38 % |
| | | | Schedule 17 Contributions | | | | | | |
| | | | Schedule 18 General Overhead | | | | | | |
| | | | Schedule 19 Administration | | | | | | |
| 2 A ANTHONY / CARUDO | SECRETARY-TREASURER | C | Schedule 15 Representational Activities | 8 % | $119,918 | $2,600 | $904 | $0 | $123,422 |
| | | | Schedule 16 Political Activities and Lobbying | 1 % | | 0 % | 0 % | 0 % | 12 % |
| | | | Schedule 17 Contributions | | | | | 79 % | |
| | | | Schedule 18 General Overhead | | | | | | |
| | | | Schedule 19 Administration | | | | | | |
| 3 A ROBERT / STORK | VP/BUSINESS AGENT | C | Schedule 15 Representational Activities | 100 % | $120,884 | $5,148 | $17,735 | $0 | $143,767 |
| | | | Schedule 16 Political Activities and Lobbying | 0 % | | 0 % | 0 % | 0 % | 0 % |
| | | | Schedule 17 Contributions | | | | | | |
| | | | Schedule 18 General Overhead | | | | | | |
| | | | Schedule 19 Administration | | | | | | |
| 4 A LEONARD / LEGOTTE | VP/BUSINESS AGENT | C | Schedule 15 Representational Activities | 95 % | $120,254 | $5,148 | $16,901 | $0 | $142,303 |
| | | | Schedule 16 Political Activities and Lobbying | 0 % | | 0 % | 0 % | 3 % | 2 % |
| | | | Schedule 17 Contributions | | | | | | |
| | | | Schedule 18 General Overhead | | | | | | |
| | | | Schedule 19 Administration | | | | | | |
| 5 A FREDERICK / MCCOURT | VP/BUSINESS AGENT | C | Schedule 15 Representational Activities | 92 % | $120,884 | $5,148 | $20,974 | $0 | $147,006 |
| | | | Schedule 16 Political Activities and Lobbying | 0 % | | 0 % | 0 % | 8 % | 0 % |
| | | | Schedule 17 Contributions | | | | | | |
| | | | Schedule 18 General Overhead | | | | | | |
| | | | Schedule 19 Administration | | | | | | |
| 6. TOTALS FROM CONTINUATION PAGES (if any) | | | | | $308,989 | $6,968 | $18,635 | $0 | $334,592 |
| 7. TOTAL OF LINES 1-6 | | | | | $930,418 | $31,356 | $96,263 | $0 | $1,058,037 |
| 8. LESS DEDUCTIONS | | | | | | | | | $136,758 |
| 9. NET DISBURSEMENTS | | | | | | | | | $921,279 |

Form LM-2 (Revised 2003)

# SCHEDULE 12 — DISBURSEMENTS TO EMPLOYEES

FILE NUMBER: 032-415

| | (A) Name | (B) Title | (C) Other Payer | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|---|
| 1 A | First Name: MARGARET  Middle Initial:  Last Name: BENDER | | | $52,977 | | | | $53,333 |
| B | ADMINISTRATIVE ASSIST. | | | | $0 | $356 | $0 | |
| C | NONE | | | | | | | |
| I | Schedule 15 Representational Activities 61 % | Schedule 16 Political Activities and Lobbying 0 % | | 1 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead | Schedule 19 Administration 0 % | 38 % |
| 2 A | First Name: PETER  Middle Initial:  Last Name: BOETTGER | | | $81,859 | | | | $81,920 |
| B | MAINTENANCE | | | | | $61 | $0 | |
| C | NONE | | | | | | | |
| I | Schedule 15 Representational Activities 0 % | Schedule 16 Political Activities and Lobbying 0 % | | 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead | Schedule 19 Administration 100% | 0 % |
| 3 A | First Name: THOMAS  Middle Initial:  Last Name: CARDIELLO | | | $82,125 | | | | $82,125 |
| B | OFFICE STAFF | | | | $0 | $0 | | |
| C | NONE | | | | | | | |
| I | Schedule 15 Representational Activities 0 % | Schedule 16 Political Activities and Lobbying 0 % | | 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead | Schedule 19 Administration 100% | 0 % |
| 4 A | First Name: CHRISTINA  Middle Initial:  Last Name: GUIDO | | | $27,432 | | | | $27,432 |
| B | OFFICE STAFF | | | | $0 | $0 | $0 | |
| C | NONE | | | | | | | |
| I | Schedule 15 Representational Activities 0 % | Schedule 16 Political Activities and Lobbying 0 % | | 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead | Schedule 19 Administration 80 % | 20 % |
| 5 A | First Name: MARGARET  Middle Initial:  Last Name: WALSH | | | $40,123 | | | | $40,123 |
| B | ADMINISTRATIVE ASSIST. | | | | $0 | $0 | $0 | |
| C | NONE | | | | | | | |
| I | Schedule 15 Representational Activities 0 % | Schedule 16 Political Activities and Lobbying 0 % | | 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead | Schedule 19 Administration 0 % | 100% |
| 6. | TOTAL RECEIVED BY ALL OTHER EMPLOYEES MAKING $10,000 OR LESS | | | $14,983 | $0 | $0 | $0 | $14,983 |
| I | Schedule 15 Representational Activities 62 % | Schedule 16 Political Activities and Lobbying 0 % | | 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead | Schedule 19 Administration 30 % | 8 % |
| 7. | TOTALS FROM CONTINUATION PAGES (if any) | | | $182,531 | $0 | $6,434 | $0 | $188,965 |
| 8. | TOTAL OF LINES 1-7 | | | $462,030 | $0 | $6,851 | $0 | $488,881 |
| 9. | LESS DEDUCTIONS | | | | | | | $136,471 |
| 10. | NET DISBURSEMENTS | | | | | | | $352,410 |

Form LM-2 (Revised 2003)

FILE NUMBER: 032-415

# SCHEDULE 11 — ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

| (A) Name | (B) Title | (C) Status | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|
| **1 A** First Name: EDWARD | VP/BUSINESS AGENT | Middle Initial / Last Name: KRULL | | | | | |
| | | **C** | | | | | |
| | | **I** | $120,254 | $5,148 | $14,303 | $0 | $139,705 |
| | | Schedule 15 Representational Activities 75 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 0 % | 25 % |
| **2 A** First Name: GARY | DAY SECRETARY | Middle Initial / Last Name: RIEFENHAU | | | | | |
| | | **C** | | | | | |
| | | **C** | | | | | |
| | | **I** | $122,368 | $1,820 | $1,772 | $0 | $125,960 |
| | | Schedule 15 Representational Activities 25 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 0 % | 75 % |
| **3 A** First Name: RICHARD | RECORDNG SEC. | Middle Initial / Last Name: LOEB | | | | | |
| | | **P** | | | | | |
| | | **I** | $4,134 | $0 | $0 | $0 | $4,134 |
| | | Schedule 15 Representational Activities 100 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 0 % | 0 % |
| **4 A** First Name: RAYMOND | BOARD OF TRUSTEES | Middle Initial / Last Name: HAINES | | | | | |
| | | **C** | | | | | |
| | | **C** | | | | | |
| | | **I** | $0 | $0 | $0 | $0 | $0 |
| | | Schedule 15 Representational Activities 100 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 0 % | 0 % |
| **5 A** First Name: MICHAEL | BOARD OF TRUSTEES | Middle Initial / Last Name: HALPIN | | | | | |
| | | **C** | | | | | |
| | | **I** | $12,613 | $0 | $0 | $0 | $12,613 |
| | | Schedule 15 Representational Activities 90 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 0 % | 10 % |
| **6.** | | | | | | | |
| **7. TOTAL OF LINES 1-6** | | | $259,369 | $6,968 | $16,075 | $0 | $282,412 |

Form LM-2 (Revised 2003)

# SCHEDULE 11 — ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 032-415

| (A) Name | (B) Title | (C) Status | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|
| **1 A** First Name CHARLES / Middle Initial / Last Name NOVAK | | | | | | | |
| **B** | BOARD OF TRUSTEES | | $5,165 | $0 | $397 | $0 | $5,562 |
| **C** | | C | | | | | |
| **I** | Schedule 15 Representational Activities 90% | Schedule 16 Political Activities and Lobbying 0% | 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration | 10 % |
| **2 A** First Name STEVEN / Middle Initial / Last Name MAZZA | | | | | | | |
| **B** | BOARD OF TRUSTEES | | $7,718 | $0 | $807 | $0 | $8,525 |
| **C** | | C | | | | | |
| **I** | Schedule 15 Representational Activities 90% | Schedule 16 Political Activities and Lobbying 0% | 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration | 10 % |
| **3 A** First Name KEVIN / Middle Initial / Last Name MCCLAUGHRY | | | | | | | |
| **B** | RECORDING SECRETARY | | $5,837 | $0 | $96 | $0 | $5,933 |
| **C** | | N | | | | | |
| **I** | Schedule 15 Representational Activities 80% | Schedule 16 Political Activities and Lobbying 0% | 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration | 20 % |
| **4 A** First Name EDWARD / Middle Initial / Last Name OHARE | | | | | | | |
| **B** | BOARD OF TRUSTEES | | $6,146 | $0 | $0 | $0 | $6,146 |
| **C** | | C | | | | | |
| **I** | Schedule 15 Representational Activities 90% | Schedule 16 Political Activities and Lobbying 0% | 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration | 10 % |
| **5 A** First Name WILLIAM / Middle Initial / Last Name BULGER | | | | | | | |
| **B** | EXAMINING BOARD | | $6,870 | $0 | $560 | $0 | $7,430 |
| **C** | | C | | | | | |
| **I** | Schedule 15 Representational Activities 90% | Schedule 16 Political Activities and Lobbying 0% | 0% | Schedule 17 Contributions 0% | Schedule 18 General Overhead | Schedule 19 Administration | 10 % |
| **6.** | | | | | | | |
| **7. TOTAL OF LINES 1-6** | | | $31,736 | $0 | $1,860 | $0 | $33,596 |

# SCHEDULE 11 — ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 032-415

| (A) Name | (B) Title | (C) Status | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|
| **1 A** First Name DENIS | Middle Initial | Last Name KILDUFF | | | | | |
| **B** | EXAMINING BOARD | | $6,561 | $0 | $0 | $0 | $6,561 |
| **C** | | C | | | | | |
| **I** | Schedule 15 Representational Activities 90 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 10 % | | |
| **2 A** First Name DENIS | Middle Initial | Last Name O'NEIL | | | | | |
| **B** | EXAMINING BOARD | | $4,971 | $0 | $700 | $0 | $5,671 |
| **C** | | C | | | | | |
| **I** | Schedule 15 Representational Activities 90 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 10 % | | |
| **3 A** First Name GREG | Middle Initial | Last Name MOSCHETTI | | | | | |
| **B** | WARDEN | | $4,753 | $0 | $0 | $0 | $4,753 |
| **C** | | C | | | | | |
| **I** | Schedule 15 Representational Activities 90 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 10 % | | |
| **4 A** First Name LEE | Middle Initial | Last Name PIRONE | | | | | |
| **B** | CORRESPONDENT | | $1,599 | $0 | $0 | $0 | $1,599 |
| **C** | | N | | | | | |
| **I** | Schedule 15 Representational Activities 100 % | Schedule 16 Political Activities and Lobbying 0 % | Schedule 17 Contributions 0 % | Schedule 18 General Overhead 0 % | Schedule 19 Administration 0 % | | |
| **5 A** First Name | Middle Initial | Last Name | | | | | $0 |
| **B** | | | | | | | |
| **C** | | | | | | | |
| **I** | Schedule 15 Representational Activities % | Schedule 16 Political Activities and Lobbying % | Schedule 17 Contributions % | Schedule 18 General Overhead % | Schedule 19 Administration % | | |
| **6.** | | | | | | | |
| **7. TOTAL OF LINES 1-6** | | | $17,884 | $0 | $700 | $0 | $18,584 |

Form LM-2 (Revised 2003)

# SCHEDULE 12 — DISBURSEMENTS TO EMPLOYEES

FILE NUMBER: 032-415

| (A) Name | (B) Title | (C) Other Payer | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) through (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|
| **1 A** First Name TIMOTHY / Middle Initial / Last Name MCGRATH | MAINTENANCE | NONE | | | | | |
| **I** Schedule 15 Representational Activities 0% | Schedule 16 Political Activities and Lobbying 0% | | $81,860 / 0% | $0 / 0% | $0 / Schedule 18 General Overhead | 100% / Schedule 19 Administration | $81,860 / % |
| **2 A** First Name THOMAS / Middle Initial / Last Name MOORE | ORGANIZER | IUEC | | | | | |
| **I** Schedule 15 Representational Activities 100% | Schedule 16 Political Activities and Lobbyings | | $100,671 / 0% | $0 / 0% | $6,434 / 0% Schedule 18 General Overhead | $0 / 0% Schedule 19 Administration | $107,105 / 0% |
| **3 A** First Name / Middle Initial / Last Name | B | C | | | | | |
| **I** Schedule 15 Representational Activities % | Schedule 16 Political Activities and Lobbying | | % | % | $0 Schedule 18 General Overhead | % Schedule 19 Administration | $0 % |
| **4 A** First Name / Middle Initial / Last Name | B | C | | | | | |
| **I** Schedule 15 Representational Activities % | Schedule 16 Political Activities and Lobbying | | % | % | Schedule 18 General Overhead | % Schedule 19 Administration | % |
| **5 A** First Name / Middle Initial / Last Name | B | C | | | | | |
| **I** Schedule 15 Representational Activities % | Schedule 16 Political Activities and Lobbying | | % | % | $0 Schedule 18 General Overhead | % Schedule 19 Administration | $0 % |
| **6** | | | | | | | |
| **7** | | | | | | | |
| **8. TOTAL OF LINES 1-7** | | | $182,531 | $0 | $6,434 | $0 | $188,965 |

Form LM-2 (Revised 2003)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
MARGARET BENDER and,
CHRISTINA GUIDO
                 Plaintiffs,

       Against

                                    Docket No. 07 civ 11428
                                    (Judge Brieant)
LOCAL 1, INTERNATIONAL UNION           *(Filed Electronically)*
OF ELEVATOR CONSTRUCTORS
           Defendant.                      Jury Trial Demanded

-----------------------------------------------------------------x

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF**
**CONTESTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1(b)**

Defendant, Local 1, International Union of Elevator Constructors (hereinafter "the Union") hereby files its Response to Plaintiff's Statement of Contested Material Facts under Local Civil Rule 56.1(b), filed by Plaintiffs on or about February 4, 2008 and states as follows:

     14.     Denied.

     15.     Denied.

     16.     Denied.

     17.     Denied. (See Legotte, Mazza and Kilduff Affidavits.)

     18.     Denied.

                             Respectfully submitted:

                             RICHARD H. MARKOWITZ
                             (RHM5158)
                             MARKOWITZ and RICHMAN
                             880 Third Avenue, Ninth Floor
DATE: FEBRUARY 19, 2008             New York, New York 10022